# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| NAVISTAR FINANCIAL CORPORATION, and NAVISTAR LEASING COMPANY, | CV 11-134-M-JCL |
| Plaintiffs, | |
| vs. | ORDER |
| JIM PALMER TRUCKING, aka JIM PALMER TRUCKING, INC.; JIM PALMER EQUIPMENT, INC; and JIM PALMER EQUIPMENT II, LLC, | |
| Defendants. | |

_____

Plaintiffs Navistar Financial Corporation and Navistar Leasing Company (collectively "Navistar") bring this action alleging that Defendants Jim Palmer Trucking, Jim Palmer Equipment, Inc., and Jim Palmer Equipment II, LLC (collectively "Palmer entities") breached payment obligations established by confirmed Chapter 11 reorganization plans and clarified in a subsequent written agreement between the parties. The Palmer entities have moved for summary judgment for lack of subject matter jurisdiction, and the parties have filed cross-motions for summary judgment on the question of whether Navistar is entitled to

accelerate the balance due on the Palmer entities' obligations under the confirmed reorganization plans and subsequent written agreement.  For the reasons set forth below, the Palmer entities' motion is denied to the extent it challenges the subject matter jurisdiction of the Court.  Because Navistar is not entitled to accelerate the balance due, however, the remainder of the Palmer entities' motion is granted and Navistar's cross-motion is denied.

**I.     Background**[1]

On or about May 8, 2009, the United States Bankruptcy Court for the District of Montana entered orders confirming Chapter 11 reorganization plans for the Palmer entities in their respective bankruptcy cases.  In particular, the Bankruptcy Court confirmed the Amended Chapter 11 Plan of Reorganization of Debtor Jim Palmer Equipment, II, LLC.  Plaintiff Navistar Financial Corporation had allowed unsecured claims payable by the debtor according to the reorganization plan in that case.  The Bankruptcy Court also confirmed the Third Amended Chapter 11 Plan of Reorganization of Debtor Jim Palmer Trucking, and Plaintiff Navistar Leasing Company had allowed unsecured claims payable by the debtor according to the provisions of that reorganization plan.  Finally, the

---

[1] The following facts are taken largely verbatim from the parties' Statement of Stipulated Facts in Support of Cross-Motions for Summary Judgment.  Dkt. 17.

Bankruptcy Court confirmed the Third Amended Chapter 11 Plan of Reorganization of Debtor Jim Palmer Equipment, Inc. Plaintiff Navistar Leasing Company had both allowed unsecured claims and, pursuant to a stipulation with the debtor, an administrative rent claim ("Administrative Claim") approved by order of the Court, payable by the debtor according to the provisions of the confirmation order, the stipulation, and the reorganization plan. The Palmer entities' bankruptcy cases were closed in July 2010.

The above-mentioned allowed unsecured claims were payable according to the provisions of these reorganization plans, and payments were to be made from a general unsecured claim pool. The plans do not contain a written acceleration clause. The Palmer entities failed to make payments on the allowed unsecured claims as treated by their respective reorganization plans, and Jim Palmer Equipment, Inc. failed to make payments as required on the Administrative Claim as treated in its reorganization plan.

In order to avoid litigation based on the defaults, Navistar and the Palmer entities entered into a written agreement on November 19, 2010 ("Agreement"). The Agreement clarified the obligations of the Palmer entities set by the confirmed reorganization plans. The Agreement is an enforceable contract that establishes an agreed payment schedule for amounts due under the Palmer entities' confirmed

plans of reorganization. There is no written acceleration clause in the Agreement.

The Agreement provided that the Administrative Claim was to be paid in 5 monthly installments totaling $12,812.50 beginning on December 19, 2010. The Palmer entities had not made any payments on the Administrative Claim as of the date that the Complaint was filed in this action. On October 19, 2011, after the Complaint was filed but before service of process, the Palmer entities paid the principal of the Administrative Claim in full but did not pay any prejudgment interest. Payments due by the Palmer entities to Navistar bear prejudgment interest at the legal rate 10% per annum pursuant to Mont. Code Ann. § 31-1-106, from the date of the breach of the obligation to make the payment.

The stream of payments for the allowed unsecured debt owed by the Palmer entities to Navistar under the confirmed Chapter 11 plans and the Agreement have not been timely paid. No payments, other than the payment of the Administrative Claim, have been made by the Palmer entities since the Complaint in this lawsuit was filed.

The Palmer entities do not dispute the breach of their obligation to pay Navistar. Rather, the Palmer entities dispute whether the full balance remaining can be accelerated and judgment entered thereon, or whether judgment may be entered only for the individual payments now due and owing, with prejudgment

interest.

## II. Summary Judgment Standards

Federal Rules of Civil Procedure 56(c) entitles a party to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986). Once the moving party has satisfied his burden, he is entitled to summary judgment if the non-moving party fails to designate by affidavits, depositions, answers to interrogatories of admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

When presented with cross motions for summary judgment on the same matters, the court must "evaluate each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *American Civil

*Liberties Union of Nevada v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003).

## III. Discussion

### A. Subject Matter Jurisdiction

The Palmer entities argue as a threshold matter that this Court is without subject matter jurisdiction to entertain Navistar's lawsuit. Navistar's complaint predicates subject matter jurisdiction exclusively upon 28 U.S.C. § 1334(b), which gives the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" of the bankruptcy code. Section 1334(b) thus provides for three types of bankruptcy jurisdiction, commonly called "arising under," "arising in" and "related to" jurisdiction.

Initially, it appeared that Navistar was invoking all three types of jurisdiction here. Navistar alleged in its complaint, for example, "that this case arises in or is related to cases under title 11 of the United States Code." Dkt. 1, ¶ 7. And in its opening summary judgment brief, Navistar maintained that "[t]his case arises from the Defendants' failure to comply with their obligations under the confirmed Plans of Reorganization in their bankruptcy," such that "this case arises out of and relates to a case under Title 11, United States Code." Dkt. 16, at 3.

"A matter 'arises under' the Bankruptcy Code if its existence depends on a substantive provision of the bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code." *Battleground Plaza LLC v. Ray (In re Ray),* 624 F.3d 1124, 1131 (9th Cir. 2010). Likewise, "a proceeding "arises in' a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code." *In re Ray*, 624 F.3d at 1131.

Navistar's breach of contract action against the Palmer entities does not fall into either of these categories. Navistar concedes as much in its response brief, focusing instead on the "related to" jurisdiction granted by Section 1334(b). Dkt. 21, at 2-4. The Ninth Circuit has adopted the so-called "*Pacor* test" for purposes of assessing "related to" jurisdiction. *In re Feitz*, 852 F.2d 455, 457 (9th Cir. 1988). Under *Pacor*,

> the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights,

liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Pacor*, 743 F.2d at 994.

Recognizing "that post-confirmation bankruptcy court jurisdiction is necessarily more limited than pre-confirmation jurisdiction," however, "and that the *Pacor* formulation may be somewhat overbroad in the post-confirmation context," the Ninth Circuit has adopted a "'close nexus' test for post-confirmation 'related to' jurisdiction." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005). Under this test, the appropriate inquiry for purposes of assessing "related to" jurisdiction in the post-confirmation context is "whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction." *In re Pegasus Gold*, 394 F.3d at 1194. "[M]atters affecting 'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *In re Pegasus Gold*, 394 F.3d at 1194 (quoting *In re Resorts Int'l, Inc.*, 372 F.3d 154, 167 (3d Cir. 2004)).

Here, Navistar is not only seeking to recover the payments that are currently in default under the confirmed reorganization plans, but is also asking the Court to accelerate the total debt owed. The confirmed plans contemplate payments out of

ongoing post-confirmation operations, and payments to unsecured creditors like Navistar are to be made from a general unsecured claim pool. Dkt. 17, ¶ 7. The balance owing by the Palmer entities on the full unpaid amount of the unsecured claims is approximately $305,509.68. Dkt. 17, ¶ 17. Accelerating the debt owed on those claims would thus affect the implementation of the plans by significantly increasing the amounts currently due to Navistar and payable out of the general unsecured claim pool. See *McGillis/Eckman Investments - Billings, LLC v. Sportsman's Warehouse, Inc.*, 2010 WL 3123266 *5 (D. Mont. 2010) (concluding that where remedy sought would result in a significant depletion of assets, action had "close nexus" to the bankruptcy proceedings because the depletion of assets would necessarily affect the implementation, consummation, and execution of the reorganization plan). Because Navistar's claims and the remedies its seeks could affect the implementation and execution of the reorganization plans, there is a sufficiently "close nexus" to the bankruptcy proceeding to establish "related to" jurisdiction. *In re Pegasus Gold*, 394 F.3d at 1194.

The Palmer entities' only argument to the contrary is that because the bankruptcies were closed in 2010, "there is no bankruptcy estate" and it is therefore impossible for outcome of this case have any effect on the bankruptcy

estate.² Dkt. 19, at 7. The general rule is that "[a] bankruptcy estate usually ceases to exist after a reorganization plan is confirmed." *In re Celebrity Home Entertainment, Inc.*, 210 F.3d 995, 998 (9th Cir. 2000). Nonetheless, the Ninth Circuit made clear in *Pegasus Gold* that "related to" jurisdiction may exist even in post-confirmation proceedings so long as the claims or remedies sought could affect the implementation and execution of the plan. *In re Pegasus*, 394 F.3d at 1194.

Because the claims and remedies Navistar seeks have a "close nexus" to the bankruptcy proceedings, this Court has "related to" subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

**B. Acceleration**

The parties have cross-moved for summary judgment on the question of whether the balance of the debt the Palmer entities owe on Navistar's unsecured claims can be accelerated absent a written acceleration clause in either the confirmed plans or subsequent Agreement.

Chapter 11 plans like those at issue here have "elements of both a judgment

---

² While the Palmer entities include this argument in their opening brief, they do not address the jurisdiction issue at all in their reply brief, choosing to instead focus on the substantive question of whether Navistar is entitled to accelerate the debt owed.

and a contract," and "should generally be interpreted as if [they] were contract[s]." *In re Affordable Housing Development Corp.*, 175 B.R. 324, 329 (9th Cir. BAP 1994). The Ninth Circuit has made clear that state law governs the interpretation of chapter 11 plans "because there is little need for a nationally uniform body of law regarding the interpretation of chapter 11 plans and because state law is regularly incorporated into bankruptcy law." *In re Hillis Motors*, 997 F.2d 581, 588 (9th Cir. 1993). Accordingly, this Court looks to Montana law for purposes of determining whether Navistar is entitled to accelerate the unpaid balance due under the confirmed plans.

The Montana Supreme Court has held that a debt cannot be accelerated unless there is an acceleration clause in the contract or a statutory provision to that effect. *Rader v. Taylor* 333 P.2d 480, 488 (Mont. 1958). The parties have stipulated that there is no written acceleration clause in the confirmed bankruptcy plans of reorganization or their subsequent Agreement. Dkt. 17, ¶ 13. Navistar does not point to any statutory provision that would allow acceleration under these circumstances. Absent such an agreement or any statutory provision, "the maturity of the debt cannot be accelerated." *Rader*, 333 P.2d at 486.

Navistar attempts to distinguish *Rader* on the ground that it involved the question of accelerating the entire balance due under a land installment sales

contract, and cites a decision by the Kansas Court of Appeals for the proposition that it has an equitable right to acceleration under the circumstances. See *Barnett v. Oliver*, 858 P.2d 1228, 1237 (Kan. App. 1993). While it is true that *Rader* did not involve acceleration of a debt under confirmed Chapter 11 plans, there is nothing to suggest that the *Rader* Court intended to somehow limit its holding to land installment sales contracts. Under *Rader*, acceleration is not an equitable remedy available in Montana.[3] The fact that the Kansas Court of Appeals has held otherwise is of no consequence.

The parties have stipulated that the total amount remaining to be paid by the Palmer entities to Navistar under the Confirmed Chapter 11 Plans of Reorganization and the Agreement is $305,509.68, net of payment received as of the date of their Stipulation. Because there is no acceleration clause in the confirmed Chapter 11 reorganization plans or subsequent Agreement, Navistar is not entitled to accelerate that debt.

## IV. Conclusion

For the reasons set forth above,

---

[3] The rule in *Rader* is consistent with the generally held view that acceleration of the maturity of a debt is a "harsh remedy with draconian consequences for the debtor." *Brown v. AVEMCO Investment Corp.*, 603 F.2d 1367, 1376 (9th Cir. 1979); see also *Briggs v. Briggs*, 711 A.2d 1286, 1289 n. 3 (Me. 1998 (and cases cited).

IT IS ORDERED that the Jim Palmer entities' motion for summary judgment is DENIED to the extent that it challenges the Court's subject matter jurisdiction, and GRANTED in all other respects.

IT FURTHER ORDERED that Navistar's cross-motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that the parties submit a jointly prepared final judgment for the Court's approval on or before March 13, 2012.

DATED this 17th day of February, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge